IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RYAN L. BREIDING and TRACY SISARCICK,

    Plaintiffs,

v.                                        Civil Action No. 5:14CV124
                                                      (STAMP)
WILSON APPRAISAL SERVICES, INC.,
PRIORITY MORTGAGE CORP.,
and PHH MORTGAGE CORPORATION,

    Defendants/Third-Party Plaintiffs,

v.

RICHARD W. HYETT, an individual,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND,
DENYING AS MOOT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AND DENYING AS MOOT DEFENDANT
PRIORITY MORTGAGE CORPORATION'S MOTIONS IN LIMINE**

I.   Background

The plaintiffs together purchased a home. Plaintiff Ryan Breiding applied for a loan from defendant Priority Mortgage Corporation ("Priority Mortgage"), and served as the only signatory to the loan. At closing, the plaintiffs allegedly waived the right to a home inspection. After purchasing the house, the plaintiffs claim that several issues arose, ranging from toilet leaks to standing water in the basement. The plaintiffs then filed a civil action against the sellers and real estate agent based on those issues and the alleged misrepresentations made to them at closing.

That case was filed in West Virginia state court.  The plaintiffs then amended their complaint to include defendants Priority Mortgage, Wilson Appraisal Service, Inc. ("Wilson Appraisal"), and PHH Mortgage ("PHH").  Later, the plaintiffs settled with the sellers and the real estate agency.  The remaining defendants at the time, PHH, Priority Mortgage, and Wilson Appraisal, removed the state court action to this Court.  Priority Mortgage also filed a third-party complaint against Richard Hyett, who is alleged to be an employee or independent contractor of Wilson Appraisal.

The plaintiffs assert that the remaining defendants, which are Wilson Appraisal and Priority Mortgage,[1] violated professional standards of care regarding the negotiation process, such as hiring unbiased appraisers or intentionally misrepresenting defects in the home.  At issue now are the defendants' motions for summary judgment, the plaintiffs' motion to remand, and defendant Priority Mortgage's motions in limine.

A. <u>Motions for Summary Judgment</u>

In its motion for summary judgment, Wilson Appraisal points out that it is named in the complaint because Richard Hyett was allegedly acting as Wilson Appraisal's agent. ECF No. 56. Richard Hyett appraised the property at issue, and the plaintiffs appear to argue that he was an agent of Wilson Appraisal.  However, Wilson

---

[1]The parties stipulated to the dismissal without prejudice of PHH Mortgage Corporation from this civil action.  ECF No. 25.

Appraisal contends that Richard Hyett is only an independent contractor, and thus, it cannot be liable for any of his actions. In particular, Wilson Appraisal points out that it had no control over Richard Hyett's work hours, reporting requirements, work schedule, training and licensing, or essentially any aspect of Richard Hyett's job duties. Rather, Richard Hyett was selected merely because of his geographic location. Therefore, Wilson Appraisal argues that Richard Hyett was only an independent contractor, and thus, Wilson Appraisal cannot be liable for his actions.

Defendant Priority Mortgage also filed a motion for summary judgment. ECF No. 60. Priority Mortgage first asserts that plaintiff Tracy Sisarcick has no claim because she was not a signatory, co-signor, or co-borrower to the loan from Priority Mortgage. Next, Priority Mortgage points to the opinions of expert consultants in the banking and mortgage industry, who agree that it has complied with all relevant guidelines and standards. Priority Mortgage also states that no duty exists for the "mortgage company to obtain any additional inspections beyond the appraisal unless the appraiser identifies a potential issue that should be further investigated," and here Richard Hyett did not do so. Finally, Priority Mortgage asserts that no evidence exists to show that it either fraudulently induced the plaintiffs to purchase the property

or had any agency relationship with Wilson Appraisal or Richard Hyett.

The plaintiffs did not file a formal response to either motion for summary judgment. However, the plaintiffs did file a motion to remand, which is discussed below, and which this Court must first decide in order to determine whether jurisdiction exists.

B. Motion to Remand

In their motion to remand, the plaintiffs assert that the defendants mischaracterize their argument as alleging violations of federal law, which served as the grounds for removal of this action. In particular, the defendants believe that the plaintiffs assert violations of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") and the U.S. Department of Housing and Urban Development ("HUD") Handbook. ECF No. 62. Although such violations are not asserted in the complaint, the defendants point to the plaintiffs' answer to their interrogatories. In the answer to the interrogatory, the plaintiffs cite "HUD Handbook 4150.1 and 4905.1" in reference to inspection and appraisal requirements for dwellings. ECF No. 63 Ex. 1. Those sporadic references were part of the plaintiffs' answer to the defendants' interrogatory questions concerning "professional standards" and "criteria and guidelines" that the defendants may have violated. However, the plaintiffs argue that the HUD Handbook is only cited as a further example of the defendants' negligence. The plaintiffs do not

4

specifically assert a claim under FIRREA in their complaint, and moreover, FIRREA provides no private cause of action. Therefore, the plaintiffs believe that federal question jurisdiction does not exist in this case, and thus, this Court lacks jurisdiction. Accordingly, they request that this action be remanded.

Defendant Priority Mortgage filed a response in opposition to the motion to remand. ECF No. 63. Priority Mortgage first argues that the plaintiffs did assert claims under FIRREA. Moreover, it notes that diversity jurisdiction allegedly exists in this case. In support of that argument, Priority Mortgage points to the fact that: (1) the plaintiffs are residents of Ohio; (2) the defendants are out-of-state citizens; and (3) that the loan balance at issue exceeds $75,000.00. As to the amount in controversy, Priority Mortgage states that it learned that the amount in controversy requirement was satisfied during a deposition on August 25, 2015. Even if federal question or diversity jurisdiction were absent, Priority Mortgage believes that this Court has discretion to maintain jurisdiction, and that judicial economy weighs against remanding. For those reasons, Priority Mortgage requests that this Court deny the motion to remand and grant the motion for summary judgment. Defendant Wilson Appraisal filed a response, indicating that it joins in Priority Mortgage's response in opposition to the motion to remand, and requests that its motion for summary judgment be granted.

The plaintiffs filed a reply to their motion to remand.[2] The plaintiffs first argue that diversity jurisdiction does not exist because the defendants failed to assert such jurisdiction in their notice of removal. Further, the plaintiffs point out that the amended complaint in this action, which was filed on July 8, 2013, stated that the loan balance at issue was $119,700.00. Therefore, the defendants would have known well before the August 25, 2015, deposition that the amount in controversy requirement was satisfied. If defendants attempted to remove the action under diversity of citizenship, the plaintiffs assert that the defendants should have done so within one year of the filing of the amended complaint as required by the removal statute. Next, the plaintiffs contend that federal question jurisdiction is absent. Because neither federal question nor diversity jurisdiction exists, the plaintiffs believe that this civil action should be remanded.

For the reasons set forth below, the plaintiffs' motion to remand (ECF No. 62) is GRANTED, the defendants' motions for summary judgment (ECF Nos. 56 and 60) are DENIED AS MOOT, and defendant Priority Mortgage Corporation's motions in limine (ECF Nos. 65, 66, 67, 68, and 69) are DENIED AS MOOT.

---

[2]It should be noted that the plaintiffs' reply was filed approximately 21 days after the defendants' response in opposition, and thus, appears untimely. Nonetheless, even if the reply is not considered, the plaintiffs' motion to remand, as further discussed, is GRANTED.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

III.  Discussion

A.  Motion To Remand

As indicated earlier, the plaintiffs contend that neither federal question nor diversity jurisdiction exists. The defendants, however, believe that the plaintiffs asserted claims under FIRREA and a HUD Handbook by mentioning them in an answer to an interrogatory. Further, the defendants believe that they were unaware that diversity jurisdiction existed until August 25, 2015, during a deposition. Therefore, the plaintiffs' motion to remand primarily concerns three issues. Those three issues are the following: (1) whether the reference to a federal statute or regulation in an interrogatory is sufficient to raise federal question jurisdiction; (2) whether a private cause of action under FIRREA exists; and (3) whether diversity jurisdiction must first be raised in the notice of removal. Those issues will be addressed in the order presented.

1. Raising Federal Question Jurisdiction in an Interrogatory

Generally, removal under federal question jurisdiction "is determined by reference to the well-pleaded complaint." Eggert v. Britton, 223 F. App'x 394, 396-97 (5th Cir. 2007) (per curiam); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'" which provides that federal jurisdiction "exists only when a federal question is presented on

the face of the properly pleaded complaint."). Under 28 U.S.C. § 1446(b)(3), however, a timely notice of removal may be filed after receipt by the defendant "of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). Courts have found that "other paper" includes discovery responses, such as an interrogatory answer or deposition testimony. Dougherty v. Cerra, 987 F. Supp. 2d 721, 726-27 (S.D. W. Va. 2013); see Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000); Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) (Noting that the "motion, order or other paper" requirement is broad enough to include any information received by the defendant, "whether communicated in a formal or informal manner.") (internal citation omitted).

Although interrogatories or answers thereto may constitute "other paper," courts acknowledge that examining "other paper" is generally used to clarify that "diversity jurisdiction has been established." Blanding v. Bradley, 2014 WL 1514675, at *2 (D. Md. April 15, 2014); see Eggert, 223 F. App'x at 397; see generally Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). Phrased more directly, "[e]xtrinsic documents will rarely, if ever, affect a federal court's subject matter jurisdiction in **federal question** cases because the jurisdictional inquiry is normally limited to the plaintiff's well-pleaded complaint." Dougherty, 987

9

F. Supp. 2d at 797 (emphasis added). Those rare instances in the federal question context refer to cases in which courts look to "other paper" to "clarify that plaintiff's state law claim is one that would be preempted by federal law," Eggert, 223 F. App'x at 397 (citing Peters v. Lincoln Elect. Co., 285 F.3d 456, 468-69 (6th Cir. 2002)), or generally to "clarify the federal nature of an existing claim" which has already been pleaded, Trotter v. Steadman Motors, Inc., 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999).

The defendants removed this civil action based on federal question jurisdiction. See ECF No. 1. More specifically, the defendants claim that they removed the civil action upon receipt of an answer to an interrogatory, which referred to federal regulations and a HUD Handbook. The answer to the interrogatory is likely considered "other paper." However, the case law discussed above is clear that "other paper," such as interrogatories or answers thereto, are more applicable in the diversity context. Further, the amended complaint does not assert a claim under either the HUD Handbook or FIRREA. To find that federal question jurisdiction exists based on the mention of federal law in an answer to an interrogatory does not appear proper under the law cited above. Therefore, federal question jurisdiction does not exist based on the plaintiffs' answer to the interrogatory.

2. Causes of Action under FIRREA

Defendants next assert that a private cause of action exists under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). Because they claim the plaintiffs have asserted a claim under FIRREA, federal question jurisdiction allegedly exists. Alternatively, the defendants contend that this Court may maintain jurisdiction based on a substantial federal interest, which they claim is "the efficient processing and approval of federal loans."

Several courts have found that no private cause of action, either express or implied, exists under FIRREA. "FIRREA does not create a private cause of action." Conry v. Barker, 2015 WL 5636405, at *4 n.18 (D. Col. Aug. 11, 2015); see Dempsey v. United States Bank Nat'l, 2012 WL 2036434, at *6 (E.D. Tex. June 6, 2012) (finding no private cause of action under FIRREA for defaulting borrowers seeking to stop foreclosure); Pen-Del Mortg. Assocs. v. F.D.I.C., 1994 WL 675502, at *3 (E.D. Penn. Nov. 23, 1994) ("The express language of . . . FIRREA . . . do[es] not create a private cause of action" for bidders) (also noting that the legislative history does not reference a private cause of action). This conclusion is heavily supported by the following: (1) the legislative history of FIRREA does not appear to reference a private cause of action; and (2) the statute expressly states that "[a] civil action to recover a civil penalty under this section shall be commenced by the Attorney General." 12 U.S.C. § 1833a(e).

As to whether an implied cause of action exists, a court must assess the statute as provided under Cort v. Ash, 422 U.S. 66, 78 (1975). The holding of Cort sets forth a four-part test to determine whether a private claim is implicit in a statute not expressly providing one. Those factors require a court to examine the following: "(1) the statute, to determine if the plaintiffs are in the class for whose benefit the statute was enacted; (2) the legislative history, to see if the statute explicitly or implicitly shows an intent to create or deny the cause of action"; (3) that the proposed remedy is consistent with the purpose of the statutory scheme so as to imply such remedy; and "(4) whether the cause of action is one traditionally a matter of state law, so that inferring a federal remedy would be inappropriate." Akinseye v. Bigos, 75 F. Supp. 2d 976, 978-79 (D. Minn. 1998) (citing Cort, 422 U.S. at 78). Moreover, the plaintiffs have the burden of showing that "Congress intended to make a private remedy available." Suter v. Artist M., 503 U.S. 347, 363 (1992).

Assessing the above factors, it does not appear that a private cause of action may be implied under FIRREA. It should be noted that the plaintiffs do not assert a claim under FIRREA. Further, the Cort factors do not appear to favor a private cause of action. First, the statute expressly states that the Attorney General is the party who may bring a civil action to recover any civil penalties. Moreover, 12 U.S.C. § 1833a(c) cites to "violations to

which a penalty is applicable" under FIRREA.  Generally, those violations refer to sections involving statements made as to defrauding banking institutions or federal agencies, primarily in a criminal context.  The plaintiffs in this case are homeowners alleging that the defendants intentionally made false representations about the property, or negligently did so.  Homeowners do not appear to be a class of individuals covered under the statute.  Therefore, the plaintiffs are not members of a class to which FIRREA applies.  Further, the statute does not expressly provide a private cause of action, and instead refers to the Attorney General to bring such an action.  Thus, the first <u>Cort</u> factor likely does not favor a private cause of action in this case.  Second, the legislative intent of the statute does not appear to provide for a private cause of action.  More specifically, the legislative history of the statute refers to no such cause of action.  Third, it would be inconsistent with the underlying purpose of the statute to provide a cause of action for individuals like the plaintiffs.  FIRREA states that those who violate its sections "shall be subject to a civil penalty in an amount assessed by the court in a civil action under **this section**."  12 U.S.C. § 1833a(a) (emphasis added).  "This section" refers to § 1833a, which expressly states that a civil action to recover a civil penalty "shall be commenced by the Attorney General," not homeowners such as the plaintiffs.  Accordingly, the right to

recover a civil penalty likely does not lie with the plaintiffs in this case. The fourth factor under Cort also weighs against finding a private cause of action, because the enforcement of violations involving federal agencies or institutions traditionally rests with the federal government, not the states.

Based on the holding of Cort, no implied private cause of action exists. Further, the statute itself provides no express cause of action. Therefore, this Court finds no federal question jurisdiction pursuant to FIRREA in this case.

### 3. Raising Diversity Jurisdiction

As a general rule, "[c]ourts have consistently interpreted § 1332 and its predecessors to require complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant." Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Id.; 28 U.S.C. § 1332(c)(1). Finally, a corporation's citizenship is examined at the "time the action is commenced" for diversity purposes. DiGregorio, 166 F.3d at 290. For removal purposes, deposition testimony has been held to constitute "other paper" as provided under the removal statute. See, e.g., Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C. v. Integrated Health Services at Hanover House, Inc., 2008 WL

14

5683482, at *3 (W.D. Tex. Oct. 17, 2008); Parker v. Co. of Oxford, 224 F. Supp. 2d 292, 294 (D. Maine 2002); Smith v. Int'l Harvester, 621 F. Supp. 1005, 1008 (D. Nev. 1985); Brooks v. Solomon Co., 542 F. Supp. 1229, 1230 (N.D. Ala. 1982). Although a defendant may generally remove an action within 30 days of the action becoming removable, a case under diversity jurisdiction may not be removed "more than 1 year after commencement of the action," absent a finding of bad faith. 28 U.S.C. § 1446(c)(1).

In this case, diversity jurisdiction does not exist. It should be noted that the defendants removed this action based on federal question jurisdiction, not diversity jurisdiction. In fact, diversity jurisdiction is raised for the first time by the defendants in their response in opposition to the plaintiffs' motion to remand. In their response, the defendants assert that diversity of citizenship exists based on the amount in controversy. The defendants point to deposition testimony on August 25, 2015, at which time the defendants allegedly first determined that diversity may exist because of the amount in controversy. The defendants' arguments, however, are misguided for two reasons.

First, the parties are not completely diverse. The plaintiffs, Ryan Breiding and Tracy Sisarcick, appear to be citizens of West Virginia and Ohio (respectively). The remaining defendants, Priority Mortgage Corporation and Wilson Appraisal Services, Inc., are both citizens of Ohio. Thus, the parties do

15

not appear to be completely diverse. Second, removal based on diversity jurisdiction would be untimely. In their response in opposition to the motion to remand, the defendants argue that diversity jurisdiction exists based on the amount in controversy requirement. It should be emphasized that removal of this action was based on federal question jurisdiction rather than diversity jurisdiction. See ECF No. 1. Nonetheless, the defendants point to deposition testimony from August 25, 2015, at which time the defendants allegedly first determined that diversity may exist because of the amount in controversy. Such testimony is likely "other paper." Notwithstanding the apparent lack of diversity of citizenship, 28 U.S.C. § 1446(c)(1) specifically limits removal based on diversity jurisdiction to within one year after commencement of the action. The amended complaint in this action was filed on July 8, 2013. In that amended complaint, it clearly states that the loan balance at issue totaled $119,170.00. That means that the amount in controversy requirement was satisfied well before the August 25, 2015, deposition. Therefore, the defendants untimely removed this action over one year after the plaintiffs filed the action in state court. Accordingly, diversity jurisdiction does not exist in this case because of a lack of diversity of citizenship between the parties and the untimely

16

removal under such jurisdiction.[3]  Because this Court lacks jurisdiction, under either diversity or federal question, the plaintiffs' motion to remand is GRANTED.[4]

B. <u>Motions for Summary Judgment</u>

As stated above, the plaintiffs' motion to remand is GRANTED. With that ruling in mind, this Court finds it unnecessary to discuss the merits of the defendants' motions for summary judgment. Therefore, the pending motions for summary judgment (ECF Nos. 56 and 60) are hereby DENIED AS MOOT.

---

[3]It should be noted that the citizenship of the third-party defendant is of no consequence for diversity purposes regarding the motions at issue. See, e.g., <u>Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minnesota</u>, 753 F. Supp. 1516, 1522 (D. Nev. 1990) ("Under normal circumstances, the presence of non-diverse third-party defendants does not destroy diversity."); <u>Leick v. Schnellpressenfabrik AG Heidelberg</u>, 128 F.R.D. 106, 108 (S.D. Iowa 1989) ("A defendant may implead a third-party defendant who is of the same citizenship as of plaintiff without destroying diversity if ancillary jurisdiction over the third-party claim is present.") (citing <u>Curtis v. Radiation Dynamics, Inc.</u>, 515 F. Supp. 1176, 1177 (D. Md. 1981); <u>Semler v. Psychiatric Inst. of Wash. D.C.</u>, 538 F. 2d 121, 127 (4th Cir. 1976); <u>West v. United States</u>, 592 F.2d 487, 492 (8th Cir. 1979)).

[4]The defendants also argue that this Court has discretion to maintain jurisdiction over the action by exercising supplemental jurisdiction. However, supplemental jurisdiction is permitted only where district courts first "have original jurisdiction." 28 U.S.C. § 1367(a). The plaintiffs only asserted state law claims in their complaint, and this Court has ruled that it does not have original jurisdiction over this civil action. Without first having original jurisdiction, exercising supplemental jurisdiction would thus be improper. Accordingly, the defendants' argument as to this Court's "discretionary" jurisdiction is incorrect.

C.  *Motions in Limine*

Since the filing of the pending motions discussed above, defendant Priority Mortgage has filed five motions in limine. ECF Nos. 65, 66, 67, 68, and 69. Because this Court has granted the plaintiffs' motion to remand and denied the pending motions for summary judgment, there is no need to address the merits of the motions in limine. Therefore, the motions in limine are hereby DENIED AS MOOT.

## IV.  Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 62) is GRANTED, the defendants' motions for summary judgment (ECF No. 56 and 60) are DENIED, and defendant Priority Mortgage Corporation's motions in limine (ECF Nos. 65, 66, 67, 68, and 69) are DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  March 23, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE